Alan T. JOHNSON, Mary Johnson, A M Industries, Inc., and Hydraulic Service & Supply, Inc., Plaintiffs,

v.

CON–VEY/KEYSTONE, INC., Defendant.

Civ. No. 92–1349–FR.

United States District Court,
D. Oregon.

Feb. 12, 1993.

J. Pierre Kolisch, John M. McCormack, Pierre C. Van Rysselberghe, Portland, OR, for plaintiffs.

James D. Hibbard, Russell W. Pike, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for defendant.

FRYE, District Judge:

Plaintiffs, Alan T. Johnson, Mary Johnson, A M Industries, Inc. (A M Industries) and Hydraulic Service & Supply, Inc. (Hydraulic Service), bring this action for unfair competition, violation of antitrust laws, and intentional interference with prospective business relations against defendant, Con–Vey/Keystone, Inc. (Con–Vey). The matter before the court is the motion of Con–Vey to dismiss the plaintiffs' complaint (# 5).

## ALLEGATIONS OF THE PLAINTIFFS

Plaintiffs Alan and Mary Johnson are residents of the State of Oregon who reside in the City of Estacada. Defendant, Con–Vey, is a corporation organized under the laws of the State of Oregon with its principal place of business in the City of Roseburg.

In 1984, the Johnsons purchased Stacy Controls of Oregon, a manufacturer and seller of hydraulic equipment. Thereafter, the Johnsons changed the name of Stacy Controls of Oregon to Hydraulic Service & Supply, Inc.

In 1986, the Johnsons formed A M Industries, a manufacturer and seller of lumber

feeding machines. In 1987, Alan Johnson conceived an idea for a continuous lumber feeder, for which he was issued United States Patent No. 4,838,748. Unbeknownst to the Johnsons, Con–Vey was selling a continuous lumber feeder which was covered by United States Patent No. 4,640,655 (Patent '655). In early 1988, Alan Johnson learned of Patent '655 and brought it to the attention of his patent attorney. The patent attorney assured Alan Johnson that the continuous lumber feeder marketed by A M Industries did not infringe Con–Vey's Patent '655.

Beginning in 1988, A M Industries started marketing its continuous lumber feeder. Prior to the entry of A M Industries into the continuous lumber feeder market, Con–Vey maintained a monopoly on the sale of continuous lumber feeders. A M Industries achieved considerable success with its feeder because its performance was superior to and its price lower than the feeder marketed by Con–Vey.

In November, 1988, Con–Vey filed suit against A M Industries and Alan Johnson for infringement of Patent '655 (the patent infringement action). Eventually, Hydraulic Service and Mary Johnson were added as defendants. In 1989, Con–Vey began to notify prospective purchasers of the feeder marketed by A M Industries that Con–Vey owned Patent '655; that competitors were infringing Patent '655; and that the purchase of an infringing product would lead to legal problems. Con–Vey sought the cooperation of the prospective purchasers of the feeder marketed by A M Industries in stopping A M Industries before it made a sale.

In 1990, Con–Vey moved for a preliminary injunction in the patent infringement action. The matter was referred to a magistrate judge, who recommended that an injunction be entered. Shortly after Con–Vey learned of the recommendation of the magistrate judge, Con–Vey began to contact prospective purchasers of the feeder marketed by A M Industries telling them that Con–Vey had won the patent infringement action, and that A M Industries would soon be out of business.

On June 4, 1990, the recommendation of the magistrate judge was set aside by this court, and Con–Vey withdrew its motion for a preliminary injunction. The damage was already done, however. Many potential purchasers of the feeder marketed by A M Industries believed that Con–Vey had won the patent infringement action. Business for A M Industries dropped dramatically, and by May, 1990, the Johnsons were forced to close Hydraulic Service and A M Industries and seek other employment.

In 1991, a trial was held in the patent infringement action. The jury returned a verdict upholding the validity of Patent '655. The jury found, however, that Patent '655 was not infringed by A M Industries. A M Industries was found not to have infringed Patent '655, although employees of Con–Vey tried to broaden the invention by recreating and pre-dating sketches of the invention. This verdict was affirmed by the United States Court of Appeals for the Federal Circuit in 1992.

Con–Vey never notified any customers or prospective customers of A M Industries that the findings of the magistrate judge were set aside; that there was a trial on the merits of the patent infringement action; or that the feeder marketed by A M Industries was found not to infringe Patent '655.

### CONTENTS OF THE PARTIES

Plaintiffs contend that the actions of Con–Vey 1) violated federal and state unfair competition laws, 2) violated federal and state antitrust laws, and 3) intentionally interfered with their prospective business relations.

Con–Vey moves to dismiss each of these three claims for relief. Con–Vey first argues that the claim for unfair competition is not a consumer-type claim as required by O.R.S. 646.605 et seq. and that, in any event, it is barred by the applicable statute of limitations. Second, Con–Vey argues that plaintiffs have failed to state a claim for antitrust violations. Third, Con–Vey argues that plaintiffs' claim for the intentional interference with prospective business relations is barred because plaintiffs have not alleged an improper means or motive on the part of Con–Vey and have not alleged any damage

caused by the acts of Con–Vey. Finally, Con–Vey contends that plaintiffs lack standing with respect to each of the claims alleged in the complaint.

## APPLICABLE STANDARD

For purposes of a motion under Fed.R.Civ.P. 12(b)(6), the court views the complaint in the light most favorable to the plaintiff and must generally accept as true the facts alleged. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). The court will dismiss a complaint for failure to state a claim only when it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957).

## ANALYSIS

· On January 29, 1993, the court granted the motion of the Johnsons to amend their complaint. In their amended complaint, the Johnsons 1) added A M Industries and Hydraulic Services as plaintiffs; and 2) deleted the reference to O.R.S. 646.608 in their claim for unfair competition, proceeding instead under 15 U.S.C. § 1125 and the common law of the State of Oregon.

### 1. *Standing*

With respect to each claim for relief, Con–Vey contends that the Johnsons lack standing to sue because they were merely shareholders in A M Industries, the entity that was allegedly injured by the actions of Con–Vey.

The law is clear that a shareholder does not have standing to seek compensation for an injury to a corporation. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir.1976). This holds true for claims of anti-competitive conduct as well. *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439–40 (9th Cir.1979); *see also Lovett v. General Motors Corp.*, 975 F.2d 518, 521 (8th Cir.1992) (citing "numerous cases routinely denying antitrust standing to a corporation's sole shareholders, officers, employees, lessors, guarantors, and creditors."). The court concludes that the Johnsons, as shareholders of A M Industries and Hydraulic Service, do not have standing to bring these claims on behalf of A M Industries and Hydraulic Service.

### 2. *Unfair Competition*

In the amended complaint, plaintiffs have deleted the reference to O.R.S. 646.608 in their claim for unfair competition, and instead refer to 15 U.S.C. § 1125 and the common law of the State of Oregon. Plaintiffs argue, and Con–Vey does not dispute, that this renders moot the arguments made by Con–Vey with respect to its motion to dismiss the claim for unfair competition.

### 3. *Antitrust*

Plaintiffs allege that Con–Vey violated 15 U.S.C. §§ 1, 2 and O.R.S. 646.725 and O.R.S. 646.730.

To state a valid claim under 15 U.S.C. § 1, plaintiffs must allege " '(1) an agreement or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intend to harm or restrain competition; and (3) which actually restrains competition.' " *City of Vernon v. Southern Cal. Edison Co.*, 955 F.2d 1361, 1365 (9th Cir.) (quoting *Morgan, Strand, Wheeler & Biggs v. Radiology, Ltd.*, 924 F.2d 1484, 1488 (9th Cir.1991)), *cert. denied*, —— U.S. ——, 113 S.Ct. 305, 121 L.Ed.2d 228 (1992). Section 1 requires a conspiracy or combination; "[i]t does not reach conduct that is 'wholly unilateral.' " *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768, 104 S.Ct. 2731, 2740, 81 L.Ed.2d 628 (1984).

In the amended complaint, plaintiffs allege that Con–Vey and its principals formed a plan to put them out of business. This is an allegation of an internal agreement to implement the policy of a single unitary firm. *See id.* 467 U.S. at 769, 104 S.Ct. at 2740. Section 1 does not prohibit this conduct. *Id.* Accordingly, plaintiffs have not stated a cause of action under 15 U.S.C. § 1.

O.R.S. 646.725 is a state statute that mimics the federal statute, 15 U.S.C. § 1.

*Northwest Medical Lab., Inc. v. Blue Cross & Blue Shield, Inc.,* 310 Or. 72, 80, 794 P.2d 428 (1990). Therefore, plaintiffs have failed to state a claim under O.R.S. 646.725 as well.

▮ In order to state a valid claim of monopolization under 15 U.S.C. § 2, plaintiffs "must allege: (1) possession of monopoly power in a relevant market; (2) willful acquisition or maintenance of that power; and (3) causal antitrust injury." *Nugget Hydroelectric, L.P. v. Pacific Gas and Elec. Co.,* 981 F.2d 429, 436 (9th Cir.1992). An allegation of conspiracy or concerted action is not necessary to state a claim under 15 U.S.C. § 2. *See Copperweld,* 467 U.S. at 767–68, 104 S.Ct. at 2739–40.

▮ In their second claim for relief, plaintiffs allege that Con–Vey had a monopoly on the continuous lumber feeder business; that Con–Vey viewed plaintiffs as a threat to this monopoly; that, in order to protect this monopoly, Con–Vey took steps to put plaintiffs out of business; and that, as a result of this action, plaintiffs were put out of business. These allegations are sufficient to state a claim under 15 U.S.C. § 2.

### 4. *Intentional Interference with Prospective Business Relations*

▮ To state a claim for the tort of intentional interference with prospective business relations, plaintiffs must allege that 1) Con–Vey intentionally interfered with a prospective business relation; 2) Con–Vey acted either with an improper purpose or by using improper means; and 3) plaintiffs were damaged beyond the interference itself. *See Ron Tonkin Gran Turismo, Inc. v. Wakehouse Motors, Inc.,* 46 Or.App. 199, 208, 611 P.2d 658 *review den.,* 289 Or. 373 (1980). Con–Vey contends that the complaint does not contain allegations which, if proved, would show that Con–Vey acted with an improper purpose or through improper means, or that plaintiffs were damaged, in any way, beyond the interference itself.

▮ Plaintiffs have alleged that Con–Vey filed the patent infringement action against them even though Con–Vey knew that the feeder marketed by A M Industries did not infringe Patent '655. This is an allegation of

an improper purpose. *See* Restatement (Second) of Torts § 767 cmt. c. (1979). Moreover, plaintiffs have also alleged that Con–Vey acted with the intent to illegally restrain competition. This is also an allegation of an improper purpose. *See id.* at § 768 cmt. f.

In the amended complaint, plaintiffs allege that A M Industries was forced out of business by the conduct of Con–Vey. This allegation is a sufficient allegation that A M Industries was damaged beyond the damage of interference itself.

### CONCLUSION

Con–Vey's motion to dismiss (# 5) is granted as follows: plaintiffs Alan and Mary Johnson lack standing to bring this action, and all the plaintiffs have failed to state a cause of action under 15 U.S.C. § 1 and O.R.S. 646.725. Plaintiffs are allowed twenty days to replead their cause.